UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-cr-743 |
| | : | |
| THOMAS PAUL CONOVER | : | |

### DEFENDANT'S SUPPLEMENTAL MOTION FOR EARLY TERMINATION OF PROBATION

Defendant, Thomas Paul Conover, by and through his undersigned counsel, seeks an Order terminating his probation, and states as follows:

1. On December 8, 2021, Mr. Conover's arrest warrant was executed in Texas.  Mr. Conover was brought before the US District Court for the Northern District of Texas and was released on his personal recognizance.

2. On December 16, 2021, Mr. Conover appeared before Magistrate Judge Zia M. Faruqui for an initial appearance and was released on his personal recognizance.  Mr. Conover had been compliant with all conditions of pretrial release throughout.

3. On January 7, 2022, at the earliest opportunity to do so, Mr. Conover plead guilty before this Honorable Court to Count 4 of the Indictment: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G). This is a petit misdemeanor offense, which carries a maximum period of incarceration of six months. At the conclusion of that proceeding, Mr. Conover was permitted to remain on his personal recognizance.

4. As discussed at his sentencing, while inside the U.S. Capitol, Mr. Conover did not break, damage, or steal any property; hurt, injure, accost, or threaten law enforcement (or anyone else); go into any private office space or proceed to the well of the House or the Senate.

     Mr. Conover was not involved in planning or leading any of the activities that the crowd was engaged in on January 6, 2021, nor was he associated with any of the groups reported to be responsible for aspects of what occurred that day.

5. On April 22, 2022, Mr. Conover was sentenced by this Honorable Court to a term of thirty-six (36) months of probation with special conditions of supervision as follows: (i) complete thirty (30) days at a residential re-entry center; (ii) complete sixty (60) hours of community service; (iii) pay a $2,500 fine; and (iv) pay $500 in restitution. The Court further ordered that Mr. Conover may possess a firearm for the sole purpose of training his dogs, Virgil and Maybelline, pictured below.



6. On December 7, 2023, undersigned counsel filed a *Motion to Terminate Supervision Satisfactorily* [ECF 41], which the government opposed [ECF 42]. This Honorable Court issued a minute order on January 9, 2024, modifying Mr. Conover's conditions of probation.

7. At 56 years of age, still battling cancer, Mr. Conover respectfully moves for early termination of probation on the following basis:

    a. Since on probation, Mr. Conover has not been permitted to possess a firearm to train his dogs. The Honorable Pan meticulously carved out an exception for Mr. Conover in her Judgement to allow Mr. Conover to train his dogs. However, possessing a firearm in Texas while on probation, despite a Court Order allowing him to do so, would be in violation of Texas Penal Code, according to Naomi Acosta, the probation officer who supervises Mr. Conover. Therefore, Mr. Conover has been unable to train his dogs since this Instant Case begun, despite a Court Order allowing him to do so.

    b. Mr. Conover has completed all special conditions of his supervision and is in full compliance with his supervision requirements as he was during the term of his pretrial release in this matter.

    c. Mr. Conover has been on probation for over two (2) years, and probation is set to expire in April of 2025.[1]

8. On September 9, 2024, Mr. Conover's probation officer, Naomi Acosta, advised undersigned counsel that Mr. Conover is fully compliant and believes early termination is appropriate. Therefore, it is expected that at a hearing on this matter, probation would confirm full compliance and not object to early termination.

9. On September 11, 2024, AUSA Sean Murphy advised undersigned counsel that the government opposes Mr. Conover's motion for early termination of probation.

---

[1] As an example, in 21-cr-155, the defendant moved for early termination of probation. The Honorable Judge Amy Berman Jackson granted the defendant's request to be released from the terms of his probation after completing eighteen (18) months of supervision. Here, Mr. Conover has completed almost thirty (30) months of a thirty-six (36) months probationary sentence.

10. Given the exemplary actions undertaken by Mr. Conover to expeditiously satisfy all his special conditions and stay in compliance with the terms of his probation, and in light of Mr. Conover's inability to train his dogs despite a Court Order allowing him to do so, Mr. Conover respectfully requests that his probation be terminated satisfactorily.

Date: September 12, 2024

Respectfully submitted,

Camille Wagner
(DC Bar No. 1659390)
1629 K Street NW, Ste 300
Washington DC 20006
(202)492-4659
law@myattorneywagner.com
*Counsel for Mr. Conover*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September, 2024, I caused a true and correct copy of the foregoing Motion to Terminate Probation Satisfactorily to be delivered via ECF to the Parties in this matter.

/s/ Camille Wagner